IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DARRELL MILLER, </br></br> Plaintiff </br></br> v. </br></br> KOCH FOODS OF CUMMING, LLC, </br></br> Defendant. | CIVIL ACTION NO. </br></br> 2:13-CV-00149 |

## COMPLAINT

### INTRODUCTION

Plaintiff Darrell Miller ("Plaintiff"), by and through the undersigned counsel, brings this complaint for damages and other relief against Defendant Koch Foods of Cumming, LLC ("Defendant") and states and alleges as follows:

### PARTIES

1. Plaintiff is a resident of Forsyth County, Georgia.

2. Defendant is a domestic, for-profit limited liability company in Georgia.

3. Defendant's principal office address, as listed with the Georgia Secretary of State, is 221 Meadow Drive, Cumming, Georgia 30040-2691.

## JURISDICTION AND VENUE

4. Plaintiff brings this action against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for failure to pay overtime compensation at the proper rate as required by the FLSA, and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1391, venue is proper in the Gainesville Division of the United States District Court for the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Gainesville Division of the United States District Court for the Northern District of Georgia.

## COUNT I OF I: WILLFUL FAILURE TO PAY ALL HOURS WORKED IN EXCESS OF 40 HOURS PER WEEK AT THE REQUIRED OVERTIME RATE

6. Defendant hired Plaintiff on or about December 18, 2010

7. Defendant continues to employ Plaintiff.

8. Defendant employs Plaintiff to work as an Operator at its wastewater treatment facility.

9. Defendant initially paid Plaintiff at a rate of $13.25 per hour.

10. In 2012, Defendant increased Plaintiff's rate of pay to $13.50 per hour.

11. In 2013, Defendant increased Plaintiff's rate of pay to $13.75 per hour.

12. Defendant did not pay Plaintiff a guaranteed minimum weekly amount of at least $455.00 per week.

13. Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

14. At all times relevant, Defendant's annual gross volume of sales made or business done has exceeded $500,000.00 per year.

15. When working for Defendant, Plaintiff regularly handled items that travelled in interstate commerce.

16. Plaintiff regularly worked in excess of 40 hours per workweek for Defendant.

17. However, Defendant did not pay Plaintiff for all hours that Plaintiff worked.

18. For example, Plaintiff frequently worked through his meal period but was not paid for this time.

19. Further, Plaintiff frequently answered work related calls when he was clocked out and was not paid for this time.

20. Furthermore, Plaintiff regularly assisted other employees at Defendant's wastewater treatment facility when Plaintiff was clocked out and was not paid for this time.

21. Plaintiff was not paid the legally required overtime premium rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

22. Defendant regularly suffered and/or permitted Plaintiff to work off the clock, and Plaintiff was not paid at all for those hours worked off the clock.

23. Defendant had a policy and practice of regularly not paying Plaintiff for all hours worked in excess of 40 hours in a workweek at the premium overtime rate of one and one-half times his regular rate, as required by the FLSA.

24. In fact, Defendant regularly failed to pay Plaintiff any wages at all for certain hours that he worked.

25. Defendant failed to maintain accurate records of Plaintiff's actual work hours.

26. Defendant failed to comply with the record-keeping requirements of the FLSA.

27. Defendant's failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in a workweek was in violation of the FLSA.

28. Defendant, pursuant to its policies and practices, willfully refused and failed to pay Plaintiff the premium overtime rate for all hours worked in excess of 40 hours per workweek.

29. Defendant lacked reasonable grounds for believing its pay practices comported with the requirements of the FLSA.

30. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

31. Plaintiff seeks damages in the amount of his unpaid overtime wages, liquidated damages, and such other legal and equitable relief as the Court deems proper.

32. Plaintiff also seeks the recovery of his attorney's fees and costs as provided by the FLSA.

## **PRAYER FOR RELIEF**

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiff respectfully prays that:

I. The Court enter judgment in favor of Plaintiff;

II. The Court enter judgment against Defendant that its violations of the FLSA were willful;

III. The Court award Plaintiff all unpaid wages, as provided for by the FLSA;

IV. The Court award Plaintiff liquidated damages equal to the amount of all unpaid wages, as provided for by the FLSA;

V. The Court award Plaintiff reasonable costs and attorney's fees, as provided for by the FLSA; and

VI. Plaintiff receive such other relief as the Court deems just and proper.

Respectfully submitted: July 3, 2013

MAYS & KERR LLC
229 Peachtree Street
International Tower | Suite 980
Atlanta, Georgia 30303
Telephone:   (404) 410-7998
Facsimile:    (404) 855-4066

s/ Jeff Kerr
Jeff Kerr, Esq.
Georgia Bar No. 634260
jeff@maysandkerr.com

Craig Nydick, Esq.
Georgia Bar No. 760565
craig@maysandkerr.com

Counsel for Plaintiff